

One East Pratt Street
Suite 901
Baltimore, MD 21202
410.752.9700
Fax 410.727.5460

**Alexander M. Giles**
410.752.9747
agiles@tydings.com

November 25, 2025

<u>*Via ECF*</u>

The Honorable Matthew J. Maddox
United States District Judge
United States District Court for the
 District of Maryland
101 West Lombard Street, Chambers 5C
Baltimore, Maryland 21201

   RE: *In re Petition of Olam Maritime Freight PTE, Ltd.*
     *In re Petition of Mercuria Shipping SARL, Javelin Global Commodities (UK),*
     *and Ultratech Cement Limited*
     <u>**Civil Action Nos. 1:25-CV-3195-MJM and 1:25-CV-3207-MJM**</u>

Dear Judge Maddox:

  I am writing on behalf of all counsel for the parties subject to Your Honor's Memorandum Opinion and Order (ECF 27 and 28 in both proceedings) issued in the above-captioned matter on November 10, 2025.[1]  Specifically, we are writing pursuant to your request that the parties submit a Joint Status Report memorializing their agreement on the relevant issues.  That request from the Court for a Joint Status Report can be found at page 29, footnote 16 of ECF 27.

  Counsel for Olam and Head Owners, for obvious reasons, have taken the lead on the identification of an "independent third-party testing company" (*See* ECF 27, page 19) to perpetuate the sampling and testing of the coal cargoes currently on board the vessel.  In that regard, the company of HRT has been designated by Olam and accepted by Head Owners as the entity that will be responsible for sampling and testing the coal cargoes currently located on the vessel.  Pursuant to the Memorandum Opinion, HRT will prepare and submit the related test results directly to Your Honor to be held *in camera* by the Court, pending further instructions and/or Orders of the Court regarding same.

---

[1] With the exception of W Marine and Linville Shipping (the "Head Owners"), who elected to submit their own Status Report to the Court on November 24, 2025.

With regard to Your Honor's Orders in response to the Rule 27 Petition filed herein by Mercuria, Javelin, and Ultratech (hereinafter, collectively "the Mercuria Petitioners"), here is the status of each of the different remedies granted by Your Honor in your November 10, 2025 Memorandum Opinion and Order.

**1. Depositions of Identified Vessel Crew Members**

Based on the Crew List that was produced by US counsel for the Head Owners as Exhibit A to the Joint Stipulation filed herein on October 23, 2025 (ECF 21), the Mercuria Petitioners noted the following depositions:

> Master – Delos Santos Gaudencio Caparoso
> Chief Officer – Herrera Arben Arbas
> Chief Engineer – De Guia Jose Jr. Abrenica
> Electrician – Medrano Mark Roland Molina

Those depositions have been noted for Tuesday, December 2 and Wednesday, December 3,[2] and will be held aboard the W SAPPHIRE, which is currently located at the Cove Point Anchorage in Southern Maryland.

As Your Honor is aware, the Mercuria Petitioners have also sought the deposition(s) of any crew member(s) who may have knowledge of the ventilation systems and protocols on the vessel, and, in particular, on the date in question of the explosion incident, August 18, 2025. In that regard, Your Honor has recognized that perpetuating such testimony may be justified to "prevent a failure or delay of justice" if that can be demonstrated to the Court's satisfaction. (*See* ECF 27, page 28, footnote 15).

Undersigned counsel has requested the identity of any such crew member(s) from counsel for the Head Owners via emails dated November 11, 14, and 18, 2025. To date, we have yet to receive a substantive response from any of the attorneys representing the Head Owners, whether based here in the United States or elsewhere, providing the identity of the relevant crew member(s) with that particular knowledge.

While we have suggested to counsel for the Head Owners that receiving the identity of any such crew members sooner rather than later likely works to the advantage of both sides in that it will allow the parties to conduct those additional relevant depositions in conjunction with the four (4) depositions already noted for December 2 and 3, it should also prevent any potential delay to the vessel in leaving the jurisdiction for purposes of conducting any temporary repairs and/or the travel of any such crew members from the State of Maryland.

To the extent that the Head Owners elect **NOT** to determine which of the crew members of the W SAPPHIRE might satisfy our stated request in our Rule 27 Petition, the Mercuria

---

[2] It is possible that the depositions may need to continue into December 4, 2025, if, and when, other relevant crew members are identified, provided they are so designated prior to the December 2 and 3, 2025 depositions of the Master, Chief Officer, Chief Engineer, and Electrician of the W SAPPHIRE crew.


Petitioners will have no other option but to pose questions to each of the four known individuals (mentioned above) in the hopes of eliciting the needed information. If the Master, Chief Officer, Chief Engineer, and/or Electrician are able to identify fellow crew members that may have that knowledge or responsibilities aboard the W SAPPHIRE, we will seek the ability to take those depositions from the Court on a subsequent date that is mutually agreeable and available for all interests involved.

### 2. Document Production Pursuant to Exhibit 1 of the Mercuria Petition

On November 21, and again on November 24, 2025, US counsel for Head Owners has produced documents that they purport to be responsive to the categories of documents requested by the Mercuria Petitioners in Exhibit 1 of their Rule 27 Petition (ECF 1).

US and UK Counsel for the Mercuria Petitioners are in the process of reviewing those documents and hope to be able to determine, one way or the other (and very soon), whether all of the requested documents have been produced. By the same token, though, US counsel for Head Owners has also indicated that it is possible that there could be a few additional documents produced on either Tuesday, November 25 or Wednesday, November 26, 2025, but nothing too voluminous is anticipated for any needed supplemental productions.

### 3. Identification and Designation of "Independent Marine Surveyor"

Yesterday (November 24, 2025), the Mercuria Petitioners informed counsel for Head Owners and all other parties of interest that Captain Ivo Knobloch has been designated as the "independent marine surveyor" pursuant to the Court's Memorandum Opinion (ECF 27, page 28). Captain Knobloch had already been approved by the Head Owners as an acceptable selection for the "independent marine surveyor." As part of that designation, undersigned counsel requested of US counsel for Head Owners to please let the Mercuria Petitioners know when Capt. Ivo Knobloch will be permitted access to the W SAPPHIRE vessel so that he can begin his investigation in line with the Court's November 10, 2025 Opinion and Order.

In response, US counsel for Head Owners asked whether Captain Knobloch might be available on Sunday, November 30, 2025 to conduct his independent marine survey of the vessel. That proposal has been conveyed to Captain Knobloch, and undersigned counsel is currently awaiting a firm response from him. The initial response received is that he should be able to confirm his availability for Sunday, November 30 by COB today (November 25, 2025), but that he can already confirm his availability for either Monday, December 1 or Tuesday, December 2, 2025, if those are agreeable options for the Head Owners.

### 4. Additional Miscellaneous Items Not Currently Provided for by the Court's Memorandum Opinion and Order of November 10, 2025

In discussing the Court's Memorandum Opinion and Order of November 10, 2025 (ECF 27 and 28) with all of the related interests in this matter, to include, but not limited to, US counsel, UK counsel, the clients themselves, and the various expert witnesses identified by each


of the parties herein, there have arisen some logistical issues, particularly in relation to the fact that Your Honor's Opinion and Order only currently permits: 1) an "independent third-party testing company"; and 2) an "independent marine surveyor" to undertake the investigation in this matter, and presumably to board the vessel in furtherance of such investigations.

While all of the parties recognize and appreciate the manner by which the Court is seeking to protect the test results for future use by the parties in any future legal proceedings, some of the parties would respectfully request that "other" marine experts be permitted access to the vessel to either simply witness, but in no way seek to influence, the investigations of the independent designated experts, OR to conduct additional relevant investigations and perform testing and analysis on issues not currently assigned to the independent third party testing company or to the independent marine surveyor.

With regard to the latter point, the parties, including the Head Owners, have indicated that the fire experts who previously were permitted access to the vessel on August 28, 2025, will be permitted, once again, the opportunity to come onboard the W SAPPHIRE after the conclusion of the transshipment operations, for purposes of conducting an ignition and source investigation, which is an exercise that is beyond the knowledge and expertise of the two identified "independent" experts.

Separately, though, several of the parties, other than the Head Owners, have requested the ability of "other" marine surveyors representing each of the parties involved in this explosion incident to be given access to the vessel in conjunction with the "independent marine survey" that is to be conducted by Captain Ivo Knobloch on or about November 30, 2025. To date, counsel for the Head Owners have taken the position that the Court's Memorandum Opinion and Order *only* permits two "independent" marine experts to be granted access to the vessel, and, as a result, any other marine experts are explicitly forbidden from being granted access to the vessel.

The purpose of the access requested for the other marine surveyors is merely to witness, but not influence in any way, the "independent marine survey." While the parties certainly appreciate that the "other" marine surveyors should not be permitted in any way to obstruct the work of the "independent marine surveyor," there is a reasonable rationale that should result in the other experts being permitted onboard the W SAPPHIRE at the same time that the "independent marine surveyor" is conducting his investigation. That rationale merely has to do with the non-independent marine surveyors being cognizant of the items and alleged damages to the vessel that are inspected, measured, and photographed by Captain Ivo Knobloch. If none of the "other" marine experts are permitted access to the vessel during this process, even in a passive capacity, none of the parties will have any realistic sense of the relative condition of the vessel, Hold No. 2, or any other related alleged damages to the vessel, as the results of the "independent marine surveyor" investigation will be sent directly to Your Honor (and no one else), and will be held *in camera* subject to when, and if, that information, test results, measurements, photographs, etc., are ever needed in any subsequent legal proceeding regarding this explosion incident.



      Consequently, the Mercuria Petitioners would hereby respectfully request that each party in this matter be permitted to each designate one (1) marine surveyor on its behalf to attend the "independent marine survey" that will be conducted by Captain Ivo Knobloch on or about November 30, 2025, for the explicit purpose of witnessing the "independent marine survey" but not actively participating in same in any objective fashion.

      If Your Honor has any questions regarding any of the information contained in this Joint Status Report, please feel free to contact all counsel for the parties and related entities herein.

      Respectfully Submitted,

      */s/ Alexander M. Giles*

      Alexander M. Giles
      US Counsel for Javelin Global Commodities (UK)

cc:    Frank P. DeGuilio, Esquire
      Kevin G. O'Donovan, Esquire
      J. Stephen Simms, Esquire
      Gary C. Murphy, Esquire
      Patrick F. Lennon, Esquire
      Kevin J. Lennon, Esquire
      James R. Jeffcoat, Esquire
      John J. Sullivan, Esquire
      Terry L. Goddard, Jr., Esquire
      Vincent Foley, Esquire
      Michael K. Murphy, Esquire